# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY A. HILL,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0747** (BOR Appeal No. 2051816)
(Claim No. 2015033725)

**WENDCENTRAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry A. Hill, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wendcentral Corporation, by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is Mr. Hill's entitlement to temporary total disability benefits. On August 9, 2016, the claims administrator denied a request for temporary total disability benefits from February 24, 2015, through February 28, 2015, and from May 16, 2015, through November 18, 2015. The Office of Judges reversed the decision in its February 2, 2017, Order and granted temporary total disability benefits from May 19, 2015, through August 20, 2015. The Order was affirmed by the Board of Review on July 27, 2017. Mr. Hill now appeals the decision and requests benefits from February 24, 2015, through February 28, 2015, and from August 20, 2015, through November 18, 2015. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hill, a maintenance man, was injured in the course of his employment on February 23, 2015, when he slipped on ice. Treatment notes from Princeton Community Hospital Emergency Department indicate Mr. Hill slipped on ice, almost fell, and caught himself. He reported right groin pain and a knot on his left side that had been present for six months. He was diagnosed with lumbar sprain, left inguinal hernia, and groin strain. Treatment notes from

1

Princeton Community Hospital Emergency Department two days later indicate Mr. Hill presented for abdominal pain. He stated that he injured his abdomen two days prior and reinjured it that day when a child ran into him, striking him in the left abdomen. The impressions were low abdominal wall contusion and left inguinal hernia. He was placed off work from February 25, 2015, through February 29, 2015. The claim was held compensable for lumbar sprain/strain.

A treatment note by Florencio Neri Jr., M.D., dated May 7, 2015, indicates Mr. Hill was seen for lower back pain and prescribed physical therapy. On May 19, 2015, Dr. Neri advised continued physical therapy to treat the lower back strain. He excused Mr. Hill from work from May 19, 2015, through June 2, 2015. On June 2, 2015, Dr. Neri again recommended Mr. Hill continue physical therapy. He excused Mr. Hill from work from June 2, 2015, through June 16, 2015. On June 16, 2015, the diagnosis remained the same. Mr. Hill was taken off of work from June 16, 2015, through July 16, 2015. On July 29, 2015, Dr. Neri excused Mr. Hill from July 29, 2015, through August 29, 2015. On August 27, 2015, Dr. Neri excused Mr. Hill from August 27, 2015, through September 28, 2015.

Dr. Neri stated in a September 28, 2015, treatment note that Mr. Hill had undergone twenty physical therapy sessions without improvement. Dr. Neri found that Mr. Hill had a knee disorder since birth. This caused hyperflexion in the knee which aggravated the preexisting lower back pain. Dr. Neri recommended knee braces. On October 8, 2015, Dr. Neri indicated Mr. Hill returned for treatment of his anxiety, diagnosed five months prior. He was excused from work from October 8, 2015 through November 10, 2015.

In an October 26, 2015, treatment note, Walid Azzo, M.D., stated that he saw Mr. Hill for a congenital deformity of the knee. Dr. Azzo opined that the hyperextension of the knees was not interfering with the claimant's gait and that orthopedic intervention was unnecessary. On November 10, 2015, Dr. Neri saw Mr. Hill for bilateral knee disorder, anxiety, and history of low back strain which was chronic but intermittent with an acute exacerbation. Mr. Hill was excused from work from November 10, 2015, through December 11, 2015.

Mr. Hill testified in a hearing before the Office of Judges on February 2, 2016, that he slipped on ice on February 23, 2015, and though he did not fall, he jerked his body. He had a lot of pain in his groin and lower back following the incident. He reported the injury to his shift leader and his wife, who also worked there. Later that day, the pain had not dissipated so he reported the injury to Virginia Black, completed an accident report, and left work early. Mr. Hill testified that he then went to the emergency room where he was given a shot and taken off of work. He returned to the emergency room two days later where he was diagnosed with a hernia and referred to a surgeon. He stated that he returned to work on February 28, 2015. The following week, he underwent a hernia repair. His back continued to hurt despite physical therapy. Mr. Hill asserted that Dr. Neri kept him off of work for his back up until he had an unrelated surgery on his foot on December 11, 2015, at which time he was taken off of work to heal. On cross examination, Mr. Hill stated that he wanted the lower back and hernia to both be covered under his claim. He stated that he had no recollection of a prior hernia and had no pain prior to February 23, 2015; however, he did admit that he had a knot in the same spot prior to the compensable injury.

On August 9, 2016, the claims administrator denied a request for temporary total disability benefits from February 24, 2015, through February 28, 2015, and from May 16, 2015, through November 18, 2015. The Office of Judges reversed the decision on February 2, 2017. It found that a preponderance of the evidence showed Mr. Hill is entitled to temporary total disability benefits from May 19, 2015, the date Dr. Neri took him off of work for physical therapy, until August 20, 2015, the date physical therapy was completed. The Office of Judges found that Dr. Neri's notes indicated Mr. Hill was off of work due to a lower back strain, which was held compensable. On August 27, 2015, Dr. Neri stated that supervised physical therapy was to be discontinued. The Office of Judges concluded that there is no evidence that Mr. Hill was off of work from May 19, 2015, through August 20, 2015, for anything other than his compensable lumbar sprain/strain. The Office of Judges ended temporary total disability benefits on August 20, 2015, to coincide with his discharge from physical therapy. After that date, the Office of Judges found no active treatment plan with respect to the lumbar sprain/strain. While there is evidence Dr. Neri wanted a repeat MRI, no evidence was submitted showing this testing was completed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 27, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Hill requests temporary total disability benefits from February 24, 2015, through February 28, 2015, and from May 16, 2015, through November 18, 2015. However, he was taken off of work from February 25, 2015, through February 28, 2015, due to a noncompensable inguinal hernia. At his appointment on October 8, 2015, Mr. Hill was diagnosed with noncompensable anxiety and taken off work until November 10, 2015. The Office of Judges was correct to award benefits for the time period that he was taken off of work by his treating physician due to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker